NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZHENPING CHENG, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:13-cv-01210 (DMC) (JBC) |
| ONE WORLD TECHNOLOGIES, INC. D/B/A/ RYOBI POWER TOOLS, XIAOBO YU, JUANJUAN MA, ZHIYONG BAO, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by One World Technologies, Inc. d/b/a Ryobi Power Tools ("Defendant One World") to dismiss the punitive and/or exemplary damage claims in the Complaint filed by Zhenping Cheng ("Plaintiff"), pursuant to FED. R. CIV. P. 12(b)(6). (Def.'s Mot. to Dismiss, Mar. 12, 2013, ECF No. 5). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion to Dismiss all punitive and/or exemplary damages in Plaintiff's Complaint is **denied**.

I.     BACKGROUND[1]

Plaintiff, Zhenping Cheng, was hired by Zhiyong Bao ("Defendant Bao") in early December 2010 to work on various renovation and construction projects. (Compl. ¶ 8). Defendant Bao

---

[1] The facts set forth in this Opinion are taken from the parties' respective moving papers and filings.

provided all the tools used for the projects. (Compl. ¶ 11). On March 18, 2011, Defendant Bao instructed Plaintiff to begin a renovation project at the home of Xiaobo Yu and Juanjuan Ma (collectively "Defendant Yu") in Millburn, New Jersey. (Compl. ¶ 12). On that day, Plaintiff's left hand was severely cut by the blade of an electric table saw provided by Defendant Bao. (Compl. ¶ 14). As a result of the injury, the middle and ring fingers of Plaintiff's left hand were amputated and his index finger is seriously disfigured. (Compl. ¶ 16). One World manufactures and distributes the electric table saw that allegedly caused Plaintiff's injury. (Compl. ¶ 18).

On February 28, 2013, Plaintiff filed a complaint against Defendant One World, Defendant Yu and Defendant Bao (the "Complaint"). In the Complaint, Plaintiff asserts claims for negligence, defective design and failure to warn against Defendant One World and negligence claims against Defendants Yu and Bao. For all claims, Plaintiff seeks compensatory damages, punitive and/or exemplary damages, reasonable attorney's fees and costs of suit. On March 12, 2013, Defendant One World filed this Motion to Dismiss all punitive and/or exemplary damages claims in the complaint for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'– that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

### III. **DISCUSSION**

Defendant One World asserts that Plaintiff's complaint fails to present any facts that would entitle Plaintiff to punitive and/or exemplary damages. As Defendant One World notes, under New Jersey's Punitive Damages Act, N.J.S.A. 2A:15-5.9 to 5.17, punitive damages may not be imposed in the absence of "clear and convincing evidence" of "actual malice" or "wanton and willful disregard" of foreseeable harm to others. N.J.S.A. 2A: 15-.12(a). According to Defendant One World, Plaintiff's complaint only sets forth garden variety design defect allegations and does not articulate any egregious conduct by Defendant One World that would support a claim for punitive damages.

"The propriety of punitive damages is determined by a plaintiff's proof." Naporano Iron &

3

Metal Co. v. Am. Crane Corp., 79 F.Supp. 2d 494, 512 (D.N.J. 1999). As such, the Court finds that dismissal of Plaintiff's punitive damages claims at this early stage of litigation is premature. See Naporano, 79 F.Supp. 2d. at 512-13 (denying motion to dismiss non-barred punitive damages claims as premature); Domm v. Jersey Printing Co., 871 F.Supp. 732, 739 (D.N.J. 1994) (denying motion for summary judgment on punitive damages as premature because "issue of punitive damages is a fact question which should be decided by a jury"). Therefore, Defendant One World's Motion to Dismiss Plaintiff's punitive damages claims is **denied**.

IV. **CONCLUSION**

For the foregoing reasons, Defendant One World's Motion to Dismiss is **denied**. An appropriate Order accompanies this Opinion.

*/s/ Dennis M. Cavanaugh*
Dennis M. Cavanaugh, U.S.D.J.

Date: October 23, 2013
Original: Clerk's Office
cc: Hon. James B. Clark, U.S.M.J.
All Counsel of Record
File