UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ZHENPING CHENG, | : | Civil Action No. 13-1210 |
| Plaintiff, | : |  |
| v. | : | OPINION |
| ONE WORLD TECHNOLOGIES, INC., et al., | : |  |
| Defendants. | : |  |

**ARLEO, UNITED STATED DISTRICT JUDGE**

**I.    INTRODUCTION**

Plaintiff Zhenping Cheng's ("Plaintiff") injured his hand on a table saw while performing renovations at the home of defendants Xiaobo Yu ("Mr. Yu") and Juanjuan Ma's ("Mrs. Ma") (collectively, the "Homeowners").  The Homeowners had hired defendant contractor, Zhiyong Bao (" Bao") who in turn brought Plaintiff with him to the Homeowners residence to perform the renovation.   The Defendant Homeowners moved for summary judgment against Plaintiff and Plaintiff cross-moved for summary judgment against the Homeowners and Bao.  The motions were decided without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1.  For the reasons set forth herein, the Homeowners' motion is **GRANTED** and Plaintiff's motion is **DENIED.**

**II.    STATEMENT OF FACTS**

This case stems from an injury to Plaintiff that occurred while contractor Bao and Plaintiff were performing home renovations at Mr. Yu and Mrs. Ma's home.

The Homeowners are a husband and wife who own a home in Millburn, New Jersey. Def. Statement ¶ 1. In 2011, the Homeowners sought a contractor to repair their basement bathroom. Id. ¶ 5. Mr. Bao had placed an advertisement in a Chinese newspaper, identifying himself as an experienced contractor who was government-registered. Id. ¶ 3.[1] Mrs. Ma saw the advertisement and inquired about his abilities from her friend's sister, who had previously hired him to perform work at her home. Def. Statement ¶ 4. Mr. Bao, however, lacked "applicable licenses and insurance for home improvement." Pl. Statement ¶ 8. After Mr. Bao met with the Homeowners and he gave them an estimate, they retained him to renovate the bathroom in their basement. Id. ¶ 5.

The Homeowners provided certain materials for the project, such as the door, windows, and wood. Id. ¶ 8. Mr. Bao provided the equipment and labor. Id. ¶ 9. Plaintiff worked for Mr. Bao and Mr. Bao brought him to the Homeowners' residence. Pl. Statement ¶ 6. While the Homeowners gave Mr. Bao general instructions and periodically checked in with him, the manner of completion was left to Mr. Bao's discretion. Def. Statement ¶¶ 10-11; see also Bao Dep. 99:16-100:10, 106:16-107:16.

On March 18, 2011, while working at the Homeowners' residence, Plaintiff cut his left hand on a table saw provided to him by Mr. Bao. Def. Statement ¶¶ 1, 14; Pl. Statement ¶ 6.[2]

---

[1] In several instances in his response to the Homeowners' statement of undisputed facts, Plaintiff claims he "is without knowledge of the facts contained in Paragraph [] and therefore disputes Paragraph []." Similarly, in many instances Plaintiff disputes a fact without providing a citation to the record to support the denial. The Court therefore accepts these facts as admitted. Boles v. Wal-Mart Stores, Inc., No. 12-1762, 2014 WL 1266216, at *2 (D.N.J. Mar. 26, 2014); Pitman v. Ottehberg, No. 10-2538, 2013 WL 6909905, at *9 (D.N.J. Dec. 31, 2013).

[2] At their depositions, Plaintiff and Mr. Bao both claimed that the other had brought the table saw to the Homeowners' property. See Cheng Dep. 13:22-24; Bao Dep. 38:15-17. As Plaintiff has asserted in his statement of undisputed facts that Mr. Bao provided the table saw and Mr. Bao has not opposed the motion, the Court accepts as true that Mr. Bao provided it. Reed v. Straniero, No. 06-3496, 2007 WL 3430935, at *8 (D.N.J. Nov. 13, 2007).

Plaintiff brought suit against the saw's manufacturer, Mr. Bao, and the Homeowners. Plaintiff and the manufacturer subsequently settled. Therefore, the remaining claims in the case are negligence claims against Mr. Bao and the Homeowners.

### III.  STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[S]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party."  Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988).  All facts and inferences must be construed in the light most favorable to the non-moving party.  Peters v. Del. River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994).

### IV.  ANALYSIS

#### a. The Homeowners' Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment Against the Homeowners

The parties agree that the Homeowners are not liable for Plaintiff's injuries unless: (1) the Homeowners retained control of the manner and means of the work performed; (2) Mr. Bao was an incompetent contractor; or (3) the work to be performed constituted a nuisance *per se.*  Pl. Br. at 6; Def. Reply Br. at 3; see Muhammad v. N.J. Transit, 176 N.J. 185, 197 (2003).

Here, there is no factual dispute that the Homeowners did not retain control of the manner of work or means of the work performed.  The homeowners provided raw material for the job, such as door, window, and wood and gave Mr. Bao general information about the project and the desired aesthetic appearance.  Def. Statement ¶¶ 8-11.  Mr. Bao supplied the tools and labor; he

3

also made the decisions on how the renovation should be accomplished. Id. Plaintiff's assertion that Homeowners "controlled access to the worksite" (their home) or his bald assertion that Homeowners controlled the "scope of the worksite" is insufficient as a matter of law to impose liability. Pl. Br. at 10.

An exercise of "general supervisory power over the result to be accomplished" is not enough to impose liability. See Muhammad, 176 N.J. at 197; Majestic Realty Assocs. v. Toti Contracting Co., 30 N.J. 425, 431 (1959); Marion v. Public Serv. Elec. & Gas Co., 72 N.J. Super. 146, 154-55 (App. Div. 1962); see also Ma Dep. 14:20-23, 17:1-4; Bao Dep. 99:16-100:10, 106:16-107:16. That is precisely the role that Homeowners played here. Thus, the first exception does not apply.

As to the second exception, "to prevail against the principal for hiring an incompetent contractor, a plaintiff must show that the contractor was, in fact, incompetent or unskilled to perform the job for which he/she was hired, that the harm that resulted arose out of that incompetence, and that the principal knew or should have known of the incompetence." Puckrein v. ATI Transp., Inc., 186 N.J. 563, 576 (2006). Here, as to Bao's competency, plaintiff argues that Homeowners "failed to verify his credentials" and that Boa did not possess "applicable licenses and insurance for the home improvement." Br. at 7. However, plaintiff has failed to demonstrate what type of insurance were actually required and whether failure to obtain it rendered Bao incompetent. Nor have they demonstrated how failure of the Homeowners to obtain permits (or the type of permits needed) somehow rendered Bao incompetent. As to licencing, there is no evidence as to whether Bao needed to be licensed, the type of license he lacked or how that lack of license rendered him incompetent for the work performed. And even assuming that Mr. Bao was incompetent or unskilled, Plaintiff has failed to demonstrate that the

4

Homeowners were aware of this fact. In fact the evidence is to the contrary. Mr. Bao's advertisement represented that he was government-registered. Def. Statement ¶ 3. Additionally, Mrs. Ma inquired as to Mr. Bao's qualifications prior to retaining him. Id. ¶ 4.

Thus, Plaintiff has failed to create a triable issue as to whether it can recover from the Homeowners under this exception. See Puckerin, 183 N.J. at 576; Basil v. Wolf, 193 N.J. 38, 73 (2007); Cassano v. Aschoff, 226 N.J. Super. 110, 114 (App. Div. 1988); Andrews v. Jerud, No. A-6036-12T3, 2014 WL 4998417, at *4 (N.J. App. Div. Oct. 8, 2014); Jarrell v. Kaul, No. A-3492-11T1, 2013 WL 764642, at *10 (N.J. App. Div. Mar. 1, 2013).

The final exception, *per se* nuisance, is equally inapplicable because the risk at issue here, the use of a table saw, is nothing more than a risk inherent in the work for which Mr. Bao was retained and does not constitute a particular risk unique to this construction project. See Baboghlian v. Swift Elec. Supply Co., 197 N.J. 509, 519 (2009); Cassano, 226 N.J. Super. at 115; Torres v. Masoud, No. A-0895-13T2, 2014 WL 4675007, at *3 (N.J. App. Div. Sept. 22, 2014); Coker v. Pershad, No. A-4679-11T1, 2013 WL 1296271, at *5 (N.J. App. Div. Apr. 2, 2013); Medina v. BRW Ltd. Holdings, L.L.C., No. A-5831-06T3, 2008 WL 2520882, at *4 (N.J. App. Div. June 26, 2008); McNulty v. Dover Mun. Util. Auth., No. L-3531-02, 2007 WL 102587, at *5 (N.J. App. Div. Jan. 17, 2007).

Because Plaintiff has not demonstrated any disputed issue of material fact as to the Homeowners' lack of liability, the Homeowners' motion for summary judgment is granted and Plaintiff's motion for summary judgment against the Homeowners is denied.

### b. Plaintiff's Motion for Summary Judgment Against Mr. Bao

Plaintiff asserts different theories against Mr. Bao in the Complaint and in the moving brief. In Court Four, Plaintiff asserts: "But for Defendant Bao's failure to operate a legitimate

5

business and his failure to acquire license and insurance, the Plaintiff would not have been hired by the Defendant Bao and would not have sustained permanent bodily injury." Complaint ¶ 37. In his brief, however, Plaintiff's legal theory is that Mr. Bao is liable for: (1) providing Plaintiff with a defective saw that lacked a guard; and (2) the placement of the saw on the ground, which created an unsafe working environment. See Pl. Br. at 6. Although Plaintiff's motion is unopposed, he fails to offer a basis to award summary judgment under either theory.

As to the theory set forth in the Complaint, Plaintiff has set forth no legal support for the proposition that failure to have licenses or insurance constitutes negligence as a matter of law. He also does not set forth facts which would demonstrate a causal connection between the lack of insurance/licensure and Plaintiff's hire. As to the theory articulated in his brief, Plaintiff has offered no factual support regarding the need for a guard on this type of saw, the lack of a guard on the saw used, or that the placement of this model of saw on the floor created an unsafe work environment. See Pl. Statement ¶¶ 1-8. In addition, Plaintiff has provided no evidence of damages. In fact, Plaintiff's statement of undisputed facts does not even explain what injuries he suffered. Therefore, because Plaintiff has failed to demonstrate either liability or damages, his motion for summary judgment is denied.

## V. CONCLUSION

For the reasons set forth above, the Homeowner's motion is **GRANTED** and Plaintiff's motion is **DENIED**. An appropriate order shall issue.

*/s Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**